IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

MICHELLE L. KOHAN,

                Plaintiff,

v.                                                     OPINION and ORDER

FRANK J. BISIGNANO,[1]                               23-cv-747-jdp
Commissioner of Social Security,

                Defendant.

---

Plaintiff Michelle L. Kohan seeks judicial review of a final decision of defendant Frank J. Bisignano, Commissioner of the Social Security Administration, finding that Kohan was not disabled within the meaning of the Social Security Act. Kohan contends that administrative law judge (ALJ) Ahavaha Pyrtel failed to adequately account for Kohan's mental limitations when the ALJ determined her residual functional capacity (RFC). The ALJ's decision is supported by substantial evidence, and Kohan has not identified any legal errors in the decision, so the court will affirm the decision.

BACKGROUND

Kohan applied for disability benefits, alleging that she had been disabled since February 2, 2018. R. 128.[2] Her claim was denied at the initial level and on reconsideration. *Id.* Kohan requested a hearing before an ALJ. *Id.* The ALJ found that Kohan suffered from severe physical

---

[1] The court has amended the caption to reflect Frank J. Bisignano's appointment as Commissioner. *See* Fed. R. Civ. P. 25(d).

[2] Record cites are to the administrative transcript located at Dkt. 3. Citations to other filings use the page numbers assigned by CM/ECF, not the page numbers in the original document.

and mental impairments. R. 131. The physical impairments are not relevant to this appeal, so it is not necessary to consider those. *See* Dkt. 7, at 5. Kohan's severe mental impairments are anxiety disorder and depressive disorder. R. 131. The ALJ ascribed to Kohan the RFC to perform light work with additional limitations. R. 133. To account for Kohan's mental impairments, the ALJ limited Kohan to simple, routine, and repetitive tasks, with only occasional changes in work setting. R. 137. Relying on the testimony of a vocational expert, the ALJ found that Kohan could not perform any of her past relevant work, but that she was not disabled because she could perform jobs that exist in significant numbers in the national economy, such as cleaner/housekeeper. *See* R. 139–40.

Kohan now appeals to this court. On appeal, the court's role is to review the ALJ's decision for legal errors and to determine whether the decision is supported by substantial evidence. *See Martin v. Saul*, 950 F.3d 369, 373 (7th Cir. 2020). The substantial evidence standard is not high and requires only "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (citation omitted). But the ALJ's decision must identify the relevant evidence and build a "logical bridge" between that evidence and the final determination. *Moon v. Colvin*, 763 F.3d 718, 721 (7th Cir. 2014).

ANALYSIS

Kohan contends that the ALJ failed to adequately accommodate Kohan's mental limitations in her RFC assessment. Specifically, Kohan argues that the ALJ did not explain how she addressed the state agency consultant's findings that Kohan had (1) a moderate limitation in concentrating, persisting, or maintaining pace; and (2) a mild limitation in interacting with others.

An ALJ's RFC assessment must account for all limitations supported by the medical record. *Yurt v. Colvin*, 758 F.3d 850, 857 (7th Cir. 2014). ALJs are not required to use "magic words" in their RFC assessment, *Crump v. Saul*, 932 F.3d 567, 570 (7th Cir. 2019), but they must "say enough to enable a review of whether the ALJ considered the totality of a claimant's limitations," *Lothridge v. Saul*, 984 F.3d 1227, 1233 (7th Cir. 2021).

A. **Limitations in maintaining concentration, persistence, or pace**

Kohan contends that the ALJ's RFC assessment did not include all her limitations related to concentration, persistence, or pace. *See* Dkt. 7, at 12–17. Kohan cites the opinion of the state agency psychological consultant at the reconsideration level, Dr. Nicole Robicheau, to support her contention. *See* R. 191–211. The ALJ determined that Dr. Robicheau's opinion was persuasive and consistent with the evidence. *See* R. 138.[3] The ALJ "re-phrased [Dr. Robicheau's opinion] . . . in more vocationally specific terms," *id.*, and she ultimately concluded that Kohan was limited was limited to "simple, routine and repetitive tasks," R. 137. Kohan does not challenge the ALJ's decision to adopt Dr. Robicheau's opinion, but Kohan argues that, in translating Dr. Robicheau's opinion, the ALJ did not address some of Kohan's limitations. *See* Dkt. 7, at 12–17. To determine whether the ALJ's conclusion is supported by substantial evidence, the court turns to Dr. Robicheau's opinion.

---

[3] The ALJ determined that the opinion of the state agency psychological consultant at the initial level was not persuasive because it was not consistent with the evidence. R. 138. The consultant at the initial level found that Kohan had a mild limitation in the category of concentration, persistence, or pace, R. 183, but the ALJ concluded that the evidence supported moderate limitations in the category, R. 132. The ALJ also determined that the opinion of a psychological consultative examiner was not persuasive and not consistent with the evidence because Kohan was noted to have no memory problems after extensive testing. R. 138. Kohan does not object to the ALJ's assessment of these two opinions.

Two portions of Dr. Robicheau's opinion are relevant to Kohan's appeal: the Psychiatric Review Technique section, and the Mental Residual Functional Capacity Assessment section. In the Psychiatric Review Technique section of her opinion, Dr. Robicheau addressed broad categories of mental function. Dr. Robicheau found that Kohan was moderately limited in her ability to concentrate, persist, or maintain pace. R. 200. In the Mental Residual Function Capacity Assessment portion of her opinion, Dr. Robicheau identified Kohan's limitations in more detail. In this section, Dr. Robicheau found that Kohan had sustained concentration and persistence limitations. R. 206. Specifically, Dr. Robicheau found that Kohan was moderately limited in her ability to (1) maintain attention and concentration for extended periods; (2) complete a normal workday and workweek without interruptions from her mental impairments, and perform at a consistent pace without an unreasonable number and length of rest periods; and (3) respond appropriately to changes in the work setting. R. 207–08.

Critical details of Dr. Robicheau's findings are in the narrative explanation of her findings. There, Dr. Robicheau wrote:

> Based only on record review, the evidence suggests symptoms are partially consistent with allegations as the above [medically determinable impairments] are established but [the activities of daily living] and objective findings do not suggest [Kohan] is precluded from all work. [Kohan] is able to persist at tasks that can be learned in one to three months on the job (toward the middle of this range.) [Kohan] is capable of adapting to a routine and predictable work environment, recognizing typical hazards, traveling to routine locations, and setting goals independently within the framework noted above.

R. 209.

The ALJ's finding that Kohan was limited to simple, routine, and repetitive tasks maps directly onto Dr. Robicheau's narrative explanation. Dr. Robicheau found that Kohan (1) could perform "tasks that can be learned in one to three months on the job" (simple tasks);

4

(2) was "capable of adapting to a routine . . . work environment" (routine tasks); and (3) was "capable of adapting to a . . . predictable work environment" (repetitive tasks). *Id.* The ALJ's conclusion that a restriction to simple, routine, and repetitive tasks would address Kohan's limitations in maintaining concentration, persistence, or pace is supported by substantial evidence.

Kohan resists this conclusion. She contends that the ALJ failed to account for the limitations in the Psychiatric Review Technique section of Dr. Robicheau's opinion. Specifically, Kohan contends that Dr. Robicheau found that Kohan was limited in her ability to multitask and perform work accurately. Dkt. 7, at 12. Kohan quotes this passage from Dr. Robicheau's report:

> [Kohan's] conditions limit her ability to work—she has anxiety about job performance as she cannot multitask [at] a level that employers expect. No longer confident about [the] accuracy of work due to trouble focusing on tasks [and] losing thoughts and words make communication with others challenging.

*Id*. (quoting R. 201). Kohan's argument is not persuasive because the quoted passage does not reflect any findings by Dr. Robicheau; it is simply a close paraphrase of Kohan's description of her own symptoms.

The quoted passage is from the additional explanation in the Psychiatric Review Technique section of Dr. Robicheau's opinion. Here's the quoted passage in its context:

> ALLEGATIONS: Depression; anxiety; stress; ptsd; lymphatic issues – especially in legs; back and leg pain upon standing longer than 2-4 hours;
>
> [Kohan's] conditions limit her ability to work—she has anxiety about job performance as she cannot multitask [at] a level that employers expect. No longer confident about accuracy of work due to trouble focusing on tasks & losing thoughts and words make communication with others challenging. Because of her back, hips, leg and feet, pain and circulation, she cannot stand,

5

> walk or sit (in unreclined position) for extended periods of time and the amount of time varies depending on the activity done the day before & the unpredictability of what aggravates my conditions. My allergies also put some restrictions on activities. Ulcerative colitis results in multiple urgent trips to bathroom. [Kohan] handles her personal care without any problems. [Kohan] prepares her own meals. [Kohan] does laundry, vacuums, does dishes, some gardening, mow if necessary. [Kohan] goes outside daily. [Kohan] walks, drives a car, or rides in a car when going out. [Kohan] shops in stores and by computer. [Kohan] is able to manage money. [Kohan] spends time with others on the phone and texting.
>
> [Kohan's] allegations are partially consistent with evidence in file. [The medical evidence of record] establishes impairments under listings 12.04 & 12.06 exacerbated by her physical condition. Evidence reflects [prescriptions and treatments] for above psychiatric impairments. [The medical evidence of record] indicates her mental processes remain largely intact. No observed or reported perceptual disturbances, formal thought disorder, or psychiatric admissions. [Kohan] is independent in self-care and capable of routine [activities of daily living]. The totality of the evidence indicates [Kohan's] psychological symptoms and impairments do not meet or equal a listing and would not preclude her from all work-related activities. This is consistent with the initial review. See [Mental Residual Functional Capacity] for functional ratings.

R. 201. The first paragraph of this excerpt contains the heading "ALLEGATIONS." But both the first and second paragraphs are summaries of Kohan's self-reported symptoms. The court reaches this conclusion for three reasons.

First, as Kohan acknowledges, *see* Dkt. 7, at 13, the cited portion of Dr. Robicheau's opinion quotes some of Kohan's own language. Compare the second paragraph of Dr. Robicheau's additional explanation to this excerpt from Kohan's own function report:

> I have anxiety, about [my] job performance as I cannot multitask at a level that employers expect. No longer confident about accuracy of work due to trouble focusing on tasks & losing thoughts and words make communication with others challenging. Because of my back, hips, leg and feet pain and circulation I cannot stand, walk or sit (in unreclined position) for

6

>  extended periods of time and the amount of time varies depending on the activity done the day before [and] the unpredictability of what aggravates my conditions. My allergies also put some restrictions on activities. Ulcerative colitis results in multiple urgent trips to bathroom per day.

R. 447 (cleaned up). The two excerpts are materially indistinguishable.

Second, Dr. Robicheau uses the word "my" in this section of her opinion. For example, she states: "[Kohan] cannot stand, walk or sit (in unreclined position) for extended periods of time and the amount of time varies depending on . . . the unpredictability of what aggravates my conditions. My allergies also put some restrictions on activities." R. 201. Obviously, Dr. Robicheau is not recounting her own symptoms.

Third, if Dr. Robicheau were adopting Kohan's language verbatim and making findings about her limitations, there would be no need for her to note at the beginning of the third paragraph that Kohan's allegations are not fully supported by the evidence. But Dr. Robicheau states: "[Kohan's] allegations are partially consistent with evidence in file." *Id.*

The court concludes that Dr. Robicheau did not find that Kohan suffered from any limitation in her ability to multitask and perform work accurately. Thus, the ALJ did not err in failing to include these limitations in Kohan's RFC.

## B. Limitation in interacting with others

Kohan contends that the ALJ also did not adequately account for Kohan's mild limitation in interacting with others. *See* Dkt. 7, at 17–18. Kohan says that Dr. Robicheau found that she had lapses in her communication ability, and the ALJ's RFC assessment did not address those limitations. *See id.* Kohan does not cite any evidence in the record to support her contention. In fact, neither of the state agency psychological consultants found that Kohan

had a limitation in interacting with others. *See* R. 183, 200. Dr. Robicheau explicitly found that Kohan did *not* have social interaction limitations. R. 208.

If Kohan is arguing that Dr. Robicheau found that she "los[es] thoughts and words mak[ing] communication difficult," Dkt. 7, at 12, her argument fails for the same reason as her argument about concentration, persistence, and pace: Kohan cites the portion of Dr. Robicheau's opinion that summarizes Kohan's self-reported symptoms. Kohan cannot rely on that portion of Dr. Robicheau's opinion to support a finding about Kohan's mental limitations.

ORDER

IT IS ORDERED that: the decision of the commissioner is AFFIRMED. The clerk of court is directed to enter judgment and close the case.

Entered January 15, 2026.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge