IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

MICHELLE KOHAN,

                    Plaintiff,

       v.

FRANK J. BISIGNANO,
Commissioner of Social Security,

                   Defendant.

OPINION and ORDER

23-cv-747-jdp

---

Plaintiff Michelle Kohan, proceeding without counsel, moves in Dkt. 18 for reconsideration of the court's order, Dkt. 16, which affirmed the final decision of defendant Frank J. Bisignano, Commissioner of the Social Security Administration, finding that Kohan was not disabled within the meaning of the Social Security Act. Motions for reconsideration must be filed no later than 28 days after the entry of the judgment. Fed. R. Civ. P. 59(e). The clerk of court entered judgment on January 16, 2026, meaning that Kohan needed to file the present motion by February 13, 2026. Rule 6(b)(2) of the Federal Rules of Civil Procedure does not permit the court to extend the time to file a motion for reconsideration. I will deny Kohan's motion as untimely.

Kohan's motion would also fail even if I construed it as one for relief from a final judgment under Rule 60(b). Under Rule 60(b), the court may relieve a party from a final judgment for reasons justifying relief, such as excusable neglect. Fed. R. Civ. P. 60(b)(1). Kohan alleges that her (now former) counsel neglected to challenge the administrative law judge's handling of her physical limitations. Dkt. 18, at 1.[1] Indeed, the court's order noted that

---

[1] Citations to filings from the docket use the page numbers assigned by CM/ECF.

Kohan's appeal challenged only the ALJ's handling of her mental limitations, so her physical limitations were not relevant. Dkt. 16, at 2 (citing Dkt. 7, at 5). That was a strategic decision made by Kohan's counsel. Kohan might, in hindsight, disagree with that decision given its consequences. But Rule 60(b) motions aren't intended to "give relief to a party who has chosen a course of action which in retrospect appears unfortunate." *Sadowski v. Bombardier Ltd.*, 539 F.2d 615, 618 (7th Cir. 1976). Stated another way, Kohan's counsel's strategic decision doesn't constitute excusable neglect under Rule 60(b). *Pearson v. Target Corp.*, 893 F.3d 980, 985 (7th Cir. 2018); *Eskridge v. Cook Cnty.*, 577 F.3d 806, 809–10 (7th Cir. 2009).

Even if Kohan could demonstrate excusable neglect, she hasn't shown that she filed her motion within a reasonable amount of time, as required by Rule 60(c). Kohan alleges that her counsel didn't tell her that the court had affirmed the Commissioner's decision until February 5, 2026. Dkt. 18, at 1. Kohan also alleges that, on the same day, counsel told her that he was no longer representing her. *Id.* Forty-seven days have passed since then. In the meantime, Kohan says she has been looking for new representation. *Id.* But Kohan doesn't explain why she couldn't have promptly filed a Rule 60(b) motion on her own behalf without counsel. Kohan's delay is unreasonable.

Kohan moves in the alternative for an extension on her time to file a notice of appeal. Generally, litigants have 30 days following the entry of the judgment to file a notice of appeal. Fed. R. App. P. 4(a)(1)(A). But when, as here, the United States or its officer or agency is a party, litigants have 60 days to file a notice of appeal. *Id.* 4(a)(1)(B)(iii). This means that Kohan needed to file a notice of appeal by March 17, 2026. But there's a catch: a district court may extend a litigant's time to file a notice of appeal if the litigant moves no later than 30 days after the deadline to file a notice of appeal. *Id.* 4(a)(5)(A)(i). For this exception to apply, the

litigant must show excusable neglect or good cause. *Id.* 4(a)(5)(A)(ii). Kohan hasn't demonstrated excusable neglect for the reasons previously discussed. As for good cause, that standard applies only when a litigant asks for an extension before the original deadline is up, which isn't the case here. *Prizevoits v. Ind. Bell Tel. Co.*, 76 F.3d 132, 133 (7th Cir. 1996). The court will deny Kohan's motion for an extension on her time to file a notice of appeal.[2]

ORDER

IT IS ORDERED that:

1. Plaintiff Michelle Kohan's motion for reconsideration, Dkt. 18, is DENIED.

2. Kohan's motion for an extension on her time to file a notice of appeal, Dkt. 18, is DENIED.

Entered March 24, 2026.

BY THE COURT:

/s/

_____

JAMES D. PETERSON
District Judge

---

[2] As the court was finalizing this order, it received an affidavit from Duncan Disability Law, S.C.'s federal department manager and filing clerk, Bryan L. Richmond, responding to Kohan's allegations. Dkt. 20. Nothing in the affidavit changes the court's decision.